1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ANTOINETTE DARLENE GAZZANO,

11              Plaintiff,                 No. 2:11-cv-0868 DAD

12        vs.

13   CAROLYN W. COLVIN,                    <u>ORDER</u>
     Commissioner of Social Security,
14
                Defendant.
15   _____/

16        This social security action was submitted to the court without oral argument for

17   ruling on plaintiff's motion to remand pursuant to 42 U.S.C. § 405(g).  For the reasons explained

18   below, plaintiff's motion is granted and the matter is remanded for further proceedings consistent

19   with this order.

20                          **PROCEDURAL BACKGROUND**

21        On November 30, 2006, plaintiff filed an application for Disability Insurance

22   Benefits (DIB) under Title II of the Social Security Act (the Act) and for Supplemental Security

23   Income (SSI) under Title XVI of the Act, alleging disability beginning on September 1, 2005.

24   (Transcript (Tr.) at 79-80, 113-125.)  Plaintiff's application was denied initially and upon

25   reconsideration.  (<u>Id.</u> at 86-99.)  A hearing was held before an Administrative Law Judge (ALJ)

26   on June 24, 2009.  (<u>Id.</u> at 29-67.)  Plaintiff was represented by counsel and testified at the

1

1    administrative hearing.  In a decision issued on November 9, 2009, the ALJ found that plaintiff

2    was not disabled through the date of that decision.  (Id. at 12-24.)

3            On December 23, 2009, plaintiff filed a subsequent application for disability

4    benefits. (Pl.'s Mot. (Doc. No. 17) at 2.[1])  On January 22, 2011, the Appeals Council denied

5    plaintiff's request for review of the November 9, 2009 decision.  (Tr. at 1-5.)  Plaintiff sought

6    judicial review of the ALJ's November 9, 2009 decision pursuant to 42 U.S.C. § 405(g) by filing

7    the complaint in this action on March 28, 2011.

8            On February 17, 2012, however, a hearing was held before an ALJ on plaintiff's

9    December 23, 2009 subsequent application for disability benefits.  (Pl.'s Ex. A (Doc. No. 17-1)

10   at 6.)  On March 2, 2012, that ALJ issued a fully favorable decision finding plaintiff disabled

11   since November 10, 2009.  (Id. at 11.)

12                                        **LEGAL STANDARD**

13           Sentence Six of 42 U.S.C. § 405(g) provides, in relevant part, that "the court may

14   . . . at any time order additional evidence to be taken before the Commissioner of Social Security,

15   but only upon a showing that there is new evidence which is material and that there is good cause

16   for the failure to incorporate such evidence into the record in a prior proceeding."  Akopyan v.

17   Barnhart, 296 F.3d 852, 854-55 (9th Cir. 2002) ("Sentence six remands may be ordered in only

18   two situations:  where the Commissioner requests a remand before answering the complaint, or

19   where new, material evidence is adduced that was for good cause not presented before the

20   agency.") (citation omitted).  "New evidence is material if it 'bear[s] directly and substantially on

21   the matter in dispute,' and if there is a 'reasonabl[e] possibility that the new evidence would have

22   changed the outcome of the . . . determination.'"  Bruton v. Massanari, 268 F.3d 824, 827 (9th

23   Cir. 2001) (quoting Booz v. Sec'y of Health & Human Servs., 734 F.2d 1378, 1380 (9th Cir.

24   1984) (internal quotation marks and citations omitted) (emphasis omitted)).

25   _____

26           [1] Page number citations such as this one are to the page number reflected on the court's
     CM/ECF system and not to page numbers assigned by the parties.

**ANALYSIS**

"It is undisputed in this Circuit that a second ALJ's decision may constitute new and material evidence warranting remand of the first ALJ's decision." Bagley v. Astrue, No. C-11-2149 EMC, 2012 WL 3537029, at *4 (N.D. Cal. Aug. 14, 2012) (citing Luna v. Astrue, 623 F.3d 1032, 1034-35 (9th Cir. 2010). Thus, in certain circumstances, "an award based on an onset date coming in immediate proximity to an earlier denial of benefits is worthy of further administrative scrutiny to determine whether the favorable event should alter the initial, negative outcome on the claim." Bradley v. Barnhart, 463 F. Supp.2d 577, 580-81 (S.D. W. Va. 2006). See also Luna, 623 F.3d at 1034-35 (acknowledging the court's agreement with this aspect of the decision in Bradley).

"[T]he 'reasonable possibility' that the subsequent grant of benefits was based on new evidence not considered by the ALJ as part of the first application indicates that further consideration of the factual issues is appropriate to determine whether the outcome of the first application should be different." Luna, 623 F.3d at 1035 (quoting Booz, 734 F.2d at 1380-81). However, where the initial denial and the subsequent award are easily reconcilable on the record before the court, remand may be denied. Id.; see also Bruton, 268 F.3d at 827 ("In this case, Bruton's second application involved different medical evidence, a different time period, and a different age classification.").

Here, the court cannot conclude based on the record before it whether the two decisions concerning plaintiff's disability are reconcilable or inconsistent. Only one day separates the denial of plaintiff's first application for benefits and the disability onset date specified in the award on her successful second application. Moreover, it appears that the ALJ in the second action relied, at least in part, on some of the same evidence that the other ALJ relied upon in the first action in which plaintiff was found not disabled. In this regard, the ALJ's March 2, 2012 opinion finding plaintiff disabled notes plaintiff's "history of multiple joint pains," that plaintiff suffered a "fall episode on a concrete step landing," and then "a second fall

1    in 2005," and that plaintiff has mental health issues "[s]he connects . . . to a history of multiple

2    traumatic experiences . . . ."  (Pl.'s Ex. A (Doc. No. 17-1) at 9.)  Finally, it appears that both

3    decisions place plaintiff in the same age classification at the time they were rendered.  (Tr. at 31;

4    Pl.'s Ex. A (Doc. No. 17-1) at 10.)

5            In light of this uncertainty ,the appropriate remedy is to remand this matter for

6    further factual proceedings.  See Luna, 623 F.3d at 1035 ("We cannot conclude based on the

7    record before us whether the decisions concerning Luna were reconcilable or inconsistent.  There

8    was only one day between the denial of Luna's first application and the disability onset date

9    specified in the award for her successful second application, but she may have presented different

10    medical evidence to support the two applications, or there might be some other reason to explain

11    the change.  Given this uncertainty, remand for further factual proceedings was an appropriate

12    remedy."); see also Nguyen v. Commr. of Social Sec. Admin., No. 10-17939, 489 Fed. Appx.

13    209, 210 (9th Cir. Dec. 28, 2012)[2] ("This Court held that remand was appropriate under 42

14    U.S.C. § 405(g), where a subsequent, approved disability application had an onset date that was

15    close in time to the denial under review and where it was unclear from the record whether the

16    two decisions were reconcilable."); Curnow v. Astrue, No. 11-cv-2589-PSG, 2012 WL 4471587,

17    at *5 (N.D. Cal. Sept. 26, 2012) ("In light of the fact that the Commissioner has not denied or

18    disputed Curnow's claim of a subsequent favorable decision, the court has no choice but to

19    remand the case to the agency for further consideration of the two decisions."); Dobson v.

20    Astrue, No. 2:09-cv-1460 KJN, 2010 WL 4628316, at *3 (E.D. Cal. Nov. 5, 2010) ("In light of

21    the guidance offered in Luna, the undersigned concludes that remand is warranted here.").

22    /////

23    /////

24    /////

25

26         [2] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion to remand (Doc. No. 17) is granted; and

2.  This matter is remanded for further proceedings consistent with this order to determine whether plaintiff was disabled on or before November 9, 2009.

DATED: March 5, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1/orders.soc sec/gazzano0868.order